IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILLIP DEWAYNE STEWART                                          PETITIONER

V.                              Civil No. 2:22-cv-02013-PKH-MEF

DEXTER PAYNE                                                     RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Phillip Dewayne Stewart ("Stewart"), filed a *pro se* Petition Under 28 U.S.C. §

2254 for Writ of Habeas Corpus by a Person in State Custody on January 12, 2022.[1] (ECF No. 1).

His Petition was not accompanied by payment of the applicable filing fee or the submission of an

application for leave to proceed in forma pauperis, so on January 12, 2022, the Clerk of Court

notified Petitioner that he must either pay the filing fee of $5.00 or file a motion to proceed in

forma pauperis no later than January 31, 2022.  On January 14, 2022, the Petitioner filed a Notice

of Change of Address, indicating that he was released from the Arkansas Division of Correction

on January 10, 2022, and he now resides in Little Rock, Arkansas.  (ECF No. 3).  The $5.00 filing

fee was received on February 7, 2022.  A second Notice of Change of Address, indicating a new

address in Little Rock, Arkansas, was filed on February 16, 2022.  (ECF No. 4).  The Respondent

has not been directed to file a response and none is necessary.  The matter is ready for Report and

Recommendation.

---

[1] He also filed two other *pro se* petitions under 28 U.S.C. § 2254 on the same date, Case Nos. 2:22-cv-02011 and 2:22-cv-02012, challenging convictions and sentences imposed by the District Court of Jacksonville, Arkansas, and the Circuit Court of Pulaski County, Arkansas, respectively.  As Petitioner was neither in custody in the Western District of Arkansas, nor challenging convictions from courts within the Western District of Arkansas, these cases were both transferred to the District Court for the Eastern District of Arkansas on January 18, 2022.

## I.    DISCUSSION

Stewart's § 2254 Petition challenges his December 12, 1988, conviction and sentence in the Superior Court of Martinez, California, for inflicting corporal punishment on his spouse. (ECF No. 1 at 1). The connection to the Western District of Arkansas appears to be that Stewart was most recently incarcerated at the Ouachita River Correctional Unit ("ORCU") in Malvern, Arkansas, which is within the Western District of Arkansas, but his notice of address change indicates that as of January 10, 2022, prior to the filing of his Petition, he is no longer an inmate of the ORCU and is living in Little Rock.

A prisoner may bring a 28 U.S.C. § 2254 petition in either the district where he is confined or the district where the state court that convicted and sentenced him is located. See 28 U.S.C. § 2241(d); *Hogan v. State of Iowa*, 952 F.2d 224 (8th Cir. 1991) (federal court sitting in Iowa lacked *in personam* jurisdiction to entertain habeas corpus petition of petitioner incarcerated in Nevada). Stewart is not incarcerated in the Western District of Arkansas, nor is the state court that convicted and sentenced him located in the Western District of Arkansas, and this Court lacks subject matter jurisdiction to hear his Petition filed under § 2254.

The interests of justice would not be best served by transferring the case to the proper United States District Court. *See* 28 U.S.C. § 1406(a), which provides that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." According to his petition, Stewart was sentenced to one year in county jail and six months of probation upon the conviction being challenged. That was in December 1988 - over 33 years ago. Stewart offers no explanation in support of the timeliness of his current petition beyond

–2–

his incorrect assertion that "habeas corpus can be filed at any time." (ECF No. 1 at 14). *See* 28 U.S.C. § 2244(d)(1) (one-year period of limitation applies to petitions filed under 28 U.S.C. § 2254). It appears that Stewart's petition is time-barred, so a transfer to the appropriate district court in California makes little sense.

## II.   CONCLUSION

For the reasons and upon the authorities discussed above, Stewart's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) should be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE